IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER, et al.,<br>　　　　Plaintiffs-Appellants,<br><br>　　　　　　v.<br><br>MIGUEL ANGEL CARDONA, in his official capacity as Secretary of the United States Department of Education, et al.,<br>　　　　Defendants-Appellees. | No. 21-1782 |

**CONSENT MOTION TO HOLD APPEAL IN ABEYANCE**

Defendants-appellees file this motion to respectfully request that this Court place the above-captioned appeal in abeyance. We have contacted counsel for plaintiffs-appellants, and they consent to this motion.

1. In this case, plaintiffs-appellants challenged a Department of Education (Department) Final Rule, 85 Fed. Reg. 30,026 (May 19, 2020) ("2020 Rule"), which amended prior regulations implementing Title IX of the Education Amendments of 1972 (Title IX).

2. The district court entered a final judgment holding that the Department's interpretation of the scope of Title IX and its interpretation of what constitutes sex discrimination were reasonable. The court upheld the 2020 Rule in all respects except for the part of the provision requiring live hearings for the Title IX grievance process

at postsecondary institutions (34 C.F.R. § 106.45(b)(6)(i)) that prohibits a decision-maker from relying on statements that are not subject to cross-examination at the hearing. Dist. Ct. slip opinion, Doc. 183 ("Op.") at 20-61.

3. Plaintiffs-appellants filed the above-captioned appeal to this Court from the portion of the district court's final judgment upholding the challenged provisions of the 2020 Rule. The State of Texas, as intervenor solely for purposes of appeal, filed its own notice of appeal (1st Cir. No. 21-1777) from the portion of the district court's final judgment vacating the provision of the 2020 Rule excluding statements not subject to cross-examination from hearings on Title IX complaints. In addition, putative intervenors Families Advocating for Campus Equality (FACE), John Doe, Steve Doe, and Zachary Doe, filed an appeal (1st Cir. No. 21-1853) from the district court's order denying their motion to intervene for purposes of appeal. The opening briefs in each of the three appeals are currently due on March 14, 2022. The Department is filing similar motions to hold the related appeals No. 21-1777 and No. 21-1853 in abeyance. Plaintiffs-appellants in the above-captioned appeal are appellees in the related appeals, and consent to abeyance of all the appeals. Appellants in the related appeals (intervenor for purposes of appeal and putative intervenors for purposes of appeal) oppose abeyance of their respective appeals.

4. On March 8, 2021, the President issued Executive Order No. 14,021. As relevant here, this Order directs the Secretary of Education to examine the rule for consistency with Title IX and existing federal policy. It further directs the Secretary to

"review existing guidance and issue new guidance as needed on the implementation of" the rule "[a]s soon as practicable, and as appropriate and consistent with applicable law," and to "consider suspending, revising, or rescinding—or publishing for notice and comment proposed rules suspending, revising, or rescinding—those agency actions that are inconsistent with" federal law and existing federal policy "as soon as practicable and as appropriate and consistent with applicable law." Exec. Order No. 14,021, 86 Fed. Reg. 13,803 (Mar. 8, 2021).

5. As part of implementing the Executive Order, the Department announced a comprehensive review of its existing regulations, orders, guidance, and policies, including the 2020 Rule. *See* Department of Education's Letter to Students, Educators, and Other Stakeholders (Apr. 6, 2021).[1] The Department also reported that it anticipates publishing a notice of proposed rulemaking (NPRM) to amend the agency's Title IX regulations. *See id.*

6. The Office of Management and Budget's (OMB) periodically-released Unified Agenda of Regulatory and Deregulatory Actions (Unified Agenda) reports on administrative agencies' planned regulatory actions. In the Fall 2021 Unified Agenda, the Department listed April 2022 as its anticipated date for publication of the NPRM in the Federal Register, thereby moving up the previously-anticipated date of May

---

[1] https://www2.ed.gov/about/offices/list/ocr/correspondence/stakeholders/20210406-titleix-eo-14021.pdf

2022—announced in the Spring 2021 Unified Agenda. *See* Executive Office of the President, Office of Management and Budget, Office of Information and Regulatory Affairs, Fall 2021 Unified Agenda (Dec. 10, 2021).[2]

7. On February 17, 2022, the Department sent its draft NPRM to the Office of Information and Regulatory Affairs (OIRA), the office within OMB that coordinates the review of Executive Branch regulations. *See* Executive Office of the President, Office of Management and Budget, Office of Information and Regulatory Affairs, *List of Regulatory Actions Currently Under Review*.[3] As the Department explained in an update on its website, the submission of the draft NPRM to OMB "is the next, important, step in the Department's effort to advance the priorities set out in President Biden's executive orders." *See* Department of Education, Office for Civil Rights Blog, *An Update on the Rulemaking Process for Title IX*, (Feb. 18, 2022).[4]

8. Because the Department is continuing its comprehensive review of the 2020 Rule at issue in this appeal, and because the agency anticipates publishing an NPRM in the Federal Register in April, the Department respectfully requests that this Court hold this appeal in abeyance pending completion of the rulemaking. The Department is currently engaged in a rulemaking process that may alter the course of this appeal,

---

[2] https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202110&RIN=1870-AA16

[3] https://www.reginfo.gov/public/jsp/EO/eoDashboard.myjsp

[4] https://www2.ed.gov/about/offices/list/ocr/blog/index.html

and thus, the interests of judicial economy would be well served by placing the present appeal in abeyance to permit the Department to evaluate potential regulatory changes during the rulemaking, and to preserve the resources of this Court and the parties.

9. If the Court grants this motion, the Department is prepared to file a status report in 60 days, with additional status reports at 90-day intervals thereafter.

Respectfully submitted,

MARLEIGH D. DOVER
*(202) 514-3511*
  /s/ Stephanie R. Marcus
STEPHANIE R. MARCUS
*(202) 514-1633*
*Attorneys, Appellate Staff*
Civil Division, Room 7539
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A), and the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E). The word processing program (Microsoft Word 2016) used to prepare the motion reports that the motion is 918 words long. The motion has been prepared in a proportionally spaced typeface using Microsoft Word 2016 with Garamond, 14 point font.

    /s/ Stephanie R. Marcus
    Stephanie R. Marcus

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I electronically filed the foregoing notice that a brief will not be filed with the Clerk of Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Counsel of record are registered CM/ECF users and I further certify that I electronically served the foregoing notice via the CM/ECF system on February 25, 2022.

    /s/ Stephanie R. Marcus
    Stephanie R. Marcus